IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

DANELLE M. GRAYBEAL,

    Plaintiff,

V.                                  CIVIL ACTION NO. 3:06-1061

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

**MEMORANDUM ORDER**

In this action, filed under the provisions of 42 U.S.C. § 1383(c)(3), plaintiff seeks review of the final decision of the Commissioner of Social Security denying her application for supplemental security income benefits. The case is presently pending before the Court on cross-motions of the parties for judgment on the pleadings and plaintiff's alternative motion to remand.

Plaintiff filed her application on September 10, 2004, alleging disability commencing August 23, 1976, as a consequence of depression and being "afraid of people." On appeal from initial and reconsidered denials, an administrative law judge, after hearing, found plaintiff not disabled in a decision which became the final decision of the Commissioner when the Appeals Council denied a request for review. Thereafter, plaintiff filed this action seeking review of the Commissioner's decision.

At the time of the administrative decision, plaintiff was twenty-nine years of age and had obtained a high school education. She has no past relevant work experience. In his decision, the administrative law judge found that plaintiff suffered from "anxiety disorder, depression, and panic

attacks," impairments he considered severe. Concluding that plaintiff retained the residual functional capacity for a limited range of heavy level work and relying on rule 204.00 of the medical-vocational guidelines[1] and the testimony of a vocational expert, the administrative law judge found plaintiff not disabled.

At the outset, it is noted that plaintiff has submitted additional evidence with her briefs consisting of (1) a psychological evaluation completed by William Given, M.A. and (2) a subsequent favorable decision by the Commissioner. Neither of these documents were part of the administrative record and they are considered only insofar as they bear on plaintiff's motion to remand.

Remand on the basis of newly discovered evidence is appropriate if: (1) the evidence is relevant and not cumulative; (2) the Commissioner's decision "might reasonably have been different" had that evidence been presented; (3) good cause for failure to submit the evidence before the Commissioner is established; and (4) plaintiff offers "at least a general showing of the nature" of the newly discovered evidence. Borders v. Heckler, 777 F.2d 954, 955 (4th Cir. 1985).

In the instant case, the decision of the administrative law judge finding plaintiff not disabled was rendered on June 6, 2006 ("first decision"). On April 18, 2008, following the filing of a second application a different administrative law judge issued a favorable decision finding plaintiff disabled as of June 7, 2006 ("second decision"). This court finds that this matter must be remanded for consideration of this second decision as new and material evidence. The second decision finding plaintiff disabled only one day after a finding of not disabled obviously raises questions concerning whether plaintiff was actually disabled during the relevant period of time for the first decision, and cases within this district have consistently held that a disability determination that commences the

---

[1] 20 C.F.R. Part 404, Subpart P, Appendix 2

day after an administrative law judge's opinion that plaintiff is not disabled constitutes new and material evidence necessitating remand. See Bradley v. Barnhart, 463 F.Supp.2d 577 (S.D.W.V.2006); Reichard v. Barnhart, 285 F.Supp.2d 728 (S.D.W.V. 2003). Evidence considered in reaching the second, favorable decision, "might well have changed the outcome in this case . . .." Bradley v. Barnhart, supra at 580. That determination, however, must be made by the Commissioner. Accordingly, remand is appropriate so that the Commissioner's decision on the second application and the evidence upon which it relied can be examined to determine whether modification of the first decision is necessary.

On the basis of the foregoing, it is **ORDERED** that, pursuant to sentence six, this case be remanded to the Commissioner for consideration of new evidence.

The Clerk is directed to transmit a copy of this Memorandum Order to all counsel of record.

ENTER: August 3, 2009

_____
MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE